## SAMUEL BARNARD *v.* COMMONWEALTH.

**Criminal Law—Homicide—Caution Required in Handling a Gun.**

One who kills another without malice and with no intention to kill by snapping a pistol and pointing it at another believing it not to be loaded is not guilty if he has used such diligence as an ordinarily prudent person would have deemed necessary to satisfy himself that the pistol was not loaded, and did in fact believe it was not loaded.

**Caution Required in Handling a Gun.**

Before a man deals with a gun or pistol as if it were not charged, it is incumbent upon him to ascertain whether it is so or not and if he does not use reasonable caution in this respect, and afterwards upon pulling the trigger it unexpectedly explodes and kills a person, it will be manslaughter.

### APPEAL FROM LAUREL CIRCUIT COURT.

October 9, 1876.

OPINION BY JUDGE COFER:

The appellant was indicted in the Laurel circuit court for the murder of Mary J. Martin, by shooting her with a pistol. At the time the shooting occurred the appellant was about sixteen years of age, and resided with his father, James Barnard, who kept a store. Some time prior to the killing of the deceased James Barnard sold a pair of pants to some one who was unable to pay for them in full, and they left with him a pistol as security for seventy-five cents, the balance unpaid. The pistol was thrown about the house and played

with by the children of James Barnard, until the morning of the day on which the unfortunate shooting of the deceased occurred. On that morning Barnard offered to sell the pistol to Brown Davis, who loaded it and went to the woods to see whether it would shoot well; but some ladies, of whom the deceased was one, coming along, he returned without discharging the pistol and laid it down in the store, without giving notice to any one that he had loaded it. In the evening of that day the appellant took up the pistol and burst several caps on it, holding the muzzle toward the ceiling; some of his brothers and sisters younger than himself were in the store at the time, and he in jest and play snapped the pistol several times, while holding it toward them; and the deceased coming in, he pointed it toward her, when the charge exploded and she was shot through the head and killed. He immediately ran into an adjacent room, where his mother was lying in bed sick, and told her he had shot the deceased. His mother directed him to return to the store and bring deceased into her room, saying she might not be dead; he went into the store and immediately returned screaming and wringing his hands, and said she was dead, and that he would not have done it for the world.

The deceased was employed to wait upon the mother of the appellant, and came to the house for that purpose on the morning of the day on which the shooting occurred. She and he were near the same age, and the evidence not only failed to disclose any unkind feeling between them, but conduced to show they were on the most friendly terms with each other. Upon evidence strongly conducing to establish these facts, and without any evidence whatever tending to show malice or an intention to harm the deceased, except the single fact that he shot her, he was, under instructions of the court, found guilty of manslaughter and sentenced three years' service in the penitentiary.

The court instructed the jury that, although they might believe from the evidence that the defendant thought the pistol was unloaded, and that he had no intention to kill deceased, yet, if they believed from the evidence, to the exclusion of a reasonable doubt, that defendant, without using the means and care of a prudent man to ascertain whether or not the pistol was loaded, heedlessly and incautiously engaged in an effort to entertain himself by snapping the pistol at said Mary J. Martin, and in doing so the pistol was discharged and killed the deceased, though by accident, they ought to find him guilty of manslaughter and fix his punishment, which is by

confinement in the penitentiary not less than two nor more than twenty-one years.

The punishment indicated is that denounced by the statute against voluntary manslaughter. Sec. 1, Art. 4, Chap. 29, Gen. Stat. The appellant asked the court to instruct the jury in substance that if they believed that he and the deceased were upon friendly terms, and he had used such diligence as an ordinarily prudent person would have deemed necessary to satisfy himself that the pistol was not loaded, and did in fact believe it was not loaded, and that in snapping it at the deceased he had no intention or expectation to do injury to her, they should find him not guilty. It seems to us that the instruction should have been given as asked. Before a man deals with a gun or pistol as if it were not charged, it is incumbent upon him to ascertain whether it is so or not, and if he does not use reasonable caution in this respect, and afterward, upon pulling the trigger, it unexpectedly explodes and kills a person, it will be manslaughter. 2 Archabold's Cr. Pl. 783. Mr. Justice Foster said the law did not require the utmost caution that could be used, but that it was sufficient that a reasonable precaution, such as is usual in like cases, should be taken; and he states a case, cited in note 3, p. 784, vol. 2, Archabold's Cr. Pl., Waterman's ed. 1860, in which he ruled that a homicide, under circumstances strikingly similar to the circumstances of this case, was misadventure and not manslaughter. That case fully sustains the principle embraced in the instruction asked for, and the court erred in refusing that instruction. Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*John Dishman, for appellant.   L. E. Moss, for appellee.*